## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINTFLY CORPORATION** | : | |
| 2727 Commerce Way | : | Civil Action |
| Philadelphia, PA 19154 | : | |
| | : | |
| Plaintiff, | : | No. 2:24-cv-06367 |
| | : | |
| v. | : | |
| | : | |
| **DEKEO, INC.** | : | |
| c/o National Registered Agents, Inc. | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| And | : | |
| | : | |
| **JIFFYSHIRTS.COM (US), L.P.** | : | |
| c/o The Corporation Trust Company | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| And | : | |
| | : | |
| **SHIRT S&D MANAGEMENT LLC** | : | |
| c/o The Corporation Trust Company | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

**AND NOW**, Comes, Plaintiff Printfly Corporation ("Printfly" or the "Plaintiff") by and through its undersigned counsel, Kaminsky Law, LLC, and hereby avers as follows in its Complaint against Defendants Dekeo, Inc., JiffyShirts.com (US), L.P., and Shirt S&D Management LLC (collectively "Defendants"):

### I.     SUMMARY

1.     Plaintiff is an e-commerce company that owns and operates the website

1

www.rushordertees.com ("ROT website"). Through the ROT website, customers can create and order custom-designed apparel and other promotional products (collectively "ROT products").

2.     Plaintiff has expended substantial resources developing, marketing, and promoting its products and services under the trademark "Rush Order Tees" (the "ROT trademark" as defined more fully below). At all times material hereto, Printfly has developed a reputation for its creative and innovative website, for its original user interface and experience, for the quality of its custom printing, and customer service.  The ROT website appears in search engines as a top retailer and has shipped tens of millions of units of various ROT products since its inception.  As a result, the ROT trademark has become synonymous with ROT's high-quality custom-designed products and related services and Plaintiff has built its business and developed significant goodwill in the ROT website and the ROT trademark.

3.     Upon information and belief, Defendants own various companies through what it calls the "JIFFYSHIRTS GROUP" that are also e-commerce companies that do business as "Jiffy" and "JiffyShirts" and operate the website www.jiffy.com (the "Jiffy website").[1]  Defendants are competitors of Printfly in the custom apparel and promotional product marketplace.

4.     As detailed more fully below, Defendants have unlawfully traded on the ROT trademark by bidding on the "Rush Order Tees" trademark with advertising that infringes on the ROT trademark in a blatant effort to cause customer confusion and profit on the goodwill developed by Printfly in the industry.  Moreover, in the infringing advertising, Defendants utilize false claims such as "fastest delivery", "highest quality", "unbeatable prices" and "ships from Philadelphia" further intended to deceive and confuse customers.

5.     Defendants are engaging in such conduct to improperly trade-off of the extensive

---

[1] Upon information and belief, Dekeo previously operated the website www.jiffyshirts.com, but it has been replaced with www.jiffy.com and now redirects to www.jiffy.com

goodwill Plaintiff has developed in the ROT trademark and deceptively and falsely trading-off of Plaintiff's name, to increase its market share in the custom apparel and promotional products marketplace by purposefully confusing consumers searching for Plaintiff's company and Plaintiff's products and/or the ROT website misdirecting them to the Jiffy website, and creating the false and erroneous impression that the products and services provided by Defendants are associated with Plaintiff's, are faster, cheaper, and/or of better quality—when that is not the case.

6.    As detailed more fully herein, such conduct by Defendants is not limited to only Plaintiff's trademark.  Defendants have infringed on the trademarks of other companies in the industry, in a show of complete disregard for the rights of companies in the industry.

7.    Upon information and belief, the same was done knowingly, purposefully, and intentionally to unlawfully generate substantial revenue for Defendants and their related entities, at the expense of and by trading off of the ROT trademark, other well-known trademarks, and the goodwill developed therein.

8.    Such conduct has caused ROT to incur substantial financial expenditures and losses as a result of Defendants' actions.

9.    Accordingly, Plaintiff brings this action for Defendants' infringement of the ROT trademark in violation of 15 U.S.C. § 1114; unfair competition and false designation of origin in violation of 15 U.S.C. § 1125; false and deceptive advertising in violation of 15 U.S.C. § 1125; trademark infringement under the common law of Pennsylvania; and deceptive or misleading advertising and practices in violation of the statutory law of Pennsylvania.

## II.    THE PARTIES

10.    Plaintiff, Printfly Corporation ("Printfly" or "Plaintiff") is a Pennsylvania Corporation with its principal place of business located at 2727 Commerce Way, Philadelphia, PA

19154.

11.     Defendant Dekeo, Inc. is a Delaware Corporation with a registered address of 1209 Orange Street, Wilmington, DE 19801.  According to the Delaware Department of State, it can be served through its registered agent, National Registered Agents, Inc.

12.     Defendant JiffyShirts.com (US), L.P. is a Delaware Limited Partnership with a registered address of 1209 Orange Street, Wilmington, DE 19801.  According to the Delaware Department of State, it can be served through its registered agent, The Corporation Trust Company.

13.     Defendant Shirt S&D Management LLC is a Delaware Limited Liability Company with a registered address of 1209 Orange Street, Wilmington, DE 19801.  According to the Delaware Department of State, it can be served through its registered agent, The Corporation Trust Company.

14.     According to the privacy policy on Defendants' website, www.jiffy.com (the "Jiffy website"), Defendants US-based entities, Dekeo, Inc., JiffyShirts.com (US), L.P., and Shirt S&D Management LLC operate as the "Jiffyshirts Group" and are hereinafter collectively referred to as "Jiffy" or "Defendants".[2]

### III.     JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. § 1331 and over remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

16.     Further, this Court has subject matter jurisdiction as the amount in controversy exceeds $75,000 and the parties are citizens of different States.

17.     This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the benefits of this forum by, among other things, engaging in

---

[2] Jiffy's privacy policy is accessible at https://www.jiffy.com/privacypolicy

substantial, continuous and systematic activities within this district. Defendants maintain and operate an interactive e-commerce website - the Jiffy website - through which Defendants regularly transact business with consumers located within this district, and Defendants direct search engine advertisements for its services to consumers located within this district. Furthermore, Defendants have directed its unlawful conduct at Plaintiff, which is domiciled in this district.

18.     By way of limited example only, through its agents, Plaintiff ordered items from the Jiffy website, Order Numbers: 882863235, 882872254, and 882876693 and those orders were all entered into with individuals residing in this district and were mailed to those customers in this district.  *See* Order Confirmations attached hereto as **Exhibit A** (personal information redacted).

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff is located in this district, Defendants' harm is directed to this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.     FACTS RELATED TO ALL COUNTS

20.     As set forth in the summary above, Printfly is a Philadelphia-based company that engages in the e-commerce sale of custom apparel and promotional products on the ROT website, www.rushordertees.com.

21.     Printfly owns the incontestable federal trademark for the term "Rush Order Tees" registered with the United States Trademark Principal Register as U.S. Serial Number: 87698543 and U.S. Registration Number: 5589059. A true and correct copy of the publicly available registration data for the ROT trademark is attached hereto as **Exhibit B**.

22.     At all times material hereto, ROT has been continuously marketing, promoting, and selling its products and related services on the ROT website, under the ROT trademark, and the

ROT trademark is among ROT's most important assets.

23.    As a result of these efforts, the significant resources ROT has devoted to promoting its products and related services under the ROT trademark, and ROT's high-quality products and services offered under the ROT trademark, the ROT trademark has achieved strong consumer recognition.

24.    Jiffy is a competitor of Printfly in the e-commerce sale of custom apparel and promotional products and provides products and services that are similar to those of Printfly.

25.    Upon information and belief, at all times relevant hereto, Defendants have had actual and constructive knowledge about Printfly's exclusive right to its trademark and intellectual property but have disregarded the same as detailed more fully below.

### Defendants' Trademark Infringement

26.    At all times material hereto, Defendants intentionally and prominently used the trademarked term "Rush Order Tees" in the headings and text of multiple paid search engine advertisements, in a manner intended to both (a) misdirect consumers searching for the ROT website to the Jiffy website, and (b) create a false and erroneous impression that the products and services provided by Defendants through the Jiffy website are cheaper, better quality, are shipped from Philadelphia, and/or will be delivered faster than Printfly's. See limited sample below:

Sponsored

jiffy.com
https://www.jiffy.com    ⋮



Rushordertees | Fastest Delivery | Unbeatable Prices

✓ Business identity verified — Design your own shirt with Jiffy Made and choose from a wide range of colors and sizes.







27.    Defendant's prominent and lead use of the term "Rush Order Tees" in the headings of its paid search engine advertisements, as shown above, in many instances appeared directly above Printfly's own paid search engine advertisements and/or links to the ROT website - is intended to misdirect consumers in search of the ROT website (and who actually searched for the term "Rush Order Tees") to the Jiffy website and otherwise create the false and erroneous impression that the products and services provided by Defendants through the Jiffy website have been approved, sponsored and/or endorsed by Printfly, ship from Philadelphia (where Printfly is

headquartered), or are in some way connected or affiliated with Printfly and/or the ROT website.

See limited sample below:







**<u>Jiffy's False Advertising</u>**

28.     Assuming *arguendo* that Jiffy's advertising seeks to legitimately compare itself to

Printfly, such efforts still fail.

29.     Upon information and belief, contrary to its public claims, Jiffy neither prints in

Philadelphia nor ships from Philadelphia, but represents that they do in an effort to target and/or

confuse Printfly's customers and potential customers searching from the Philadelphia area.

30.    Notably, none of the orders referenced above shipped from Philadelphia, despite all being shipped to and delivered in Philadelphia. *See* Tracking attached hereto as **Exhibit C**.

31.    Upon information and belief, contrary to its public claims, Jiffy does not have the "fastest" delivery and there are options on the ROT website for faster delivery than Jiffy.

32.    Upon information and belief, contrary to its public claims, Jiffy does not have the "highest quality printed images" and Printfly's images are printed in an as high or higher quality when compared to Jiffy's.

33.    Upon information and belief, contrary to its public claims, Jiffy's prices are not "unbeatable" because there are cheaper alternatives in the marketplace.

34.    Upon information and belief, Defendants engaged in substantial other acts of false advertising, but the same did not appear in search engine results for "Rush Order Tees".

35.    Defendants' advertising representations—as detailed in paragraphs 29-34 (collectively the "Deceptive Statements")—are misleading, deceptive, false, unacceptable, unfair, and harmful in any competitive environment.

36.    The clear commercial impression of Jiffy's advertising and promotional claims is that it has superior quality, better pricing, and faster shipping than others in its industry, including, without limitation, Printfly—whose ROT trademark it uses to confusingly and falsely claim the same.

37.    Such statements are material to a customer and likely to influence purchasing decisions, especially where customers are seeking fast shipping, good quality products, and the best prices, because they mislead a customer into purchasing from Jiffy over its competitors based on false and deceptive claims.

38.    Upon information and belief, Defendants have engaged in these false advertising

and deceptive trade practices in an unlawful effort to confuse and mislead customers to shop with Jiffy over its competitors and to unlawfully and unfairly increase its share of the custom apparel and promotional product market.

<strong><u>Jiffy's conduct is knowing and purposeful</u></strong>

39.     Upon a cursory search for the keywords and names of other entities in the custom apparel and promotional products industry, it became apparent that Jiffy is engaging in similar conduct with respect to the well-known trademarks of Custom Ink and 4Imprint.

40.     By way of limited example only, when searching for "4imprint", Jiffy's paid advertisement similarly utilizes the name "4Imprint" and appears between 4Imprint's paid advertisement and organic search results.  See below:



41.     Similarly, when searching for "customink", Jiffy's paid advertisement similarly utilizes the name "Custom Ink" and appears first, before Custom Ink's paid advertisement and organic search results.  See below:



42.     Notably, based on the landing pages to which these ads redirect, it appears that Jiffy created specific campaigns to target well known and trademarked brands, bid on their keywords, and utilize their trademarks to improperly and unlawfully market and grow its own business.

43.     Such conduct is false and misleading and further evidence's Defendants' gross disregard for lawful competition and Printfly's intellectual property.

44.     Further, such conduct is knowing, purposeful, and done deliberately to cause confusion and trade on well-known trademarks to unlawfully increase Defendants' own standing

and market share in the industry.

## COUNT I
## TRADEMARK INFRINGEMENT – LANHAM ACT 15 U.S.C. § 1114
## PLAINTIFF v. ALL DEFENDANTS

45.    Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

46.    Plaintiff owns the federal trademark registration for the ROT trademark.

47.    Plaintiff has marketed, advertised, and promoted its products and services under the ROT trademark and as a result of this marketing, advertising, and promotion, the ROT trademark is understood to signify the products and services of ROT, and are the means by which those products and services are distinguished from those of others in the same and related fields.

48.    At all relevant times herein, Defendants has had actual and constructive knowledge and notice of the ROT trademark.

49.    The activities of Defendants described herein have caused and are likely to continue to cause confusion, deception, and mistake by creating a false and erroneous impression that the products and services provided, offered, advertised, and marketed by Defendants through the Jiffy website are approved, sponsored and/or endorsed by Plaintiff, or are in some way connected or affiliated with Plaintiff's.

50.    Upon information and belief, and as detailed above, Defendants' violations of the Lanham Act have been and continue to be intentional, willful and without regard to Plaintiff's rights.

51.    Upon information and belief, Defendants have gained profits by virtue of their infringing and unlawful conduct.

52.    Upon information and belief, Plaintiff has sustained damages as a result of

Defendants' violations of the Lanham Act, including a decline in sales, the erosion of its market share, the loss of goodwill, increased advertising expenses, brand confusion, and additional losses and damages.

53.    Unless Defendants' conduct is enjoined, Defendants will continue to promote their products and services by unlawfully using the ROT trademark and intellectual property and/or other marks that are confusingly similar thereto in the United States and in this jurisdiction.

54.    Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from using the ROT trademark and intellectual property and/or other marks that are confusingly similar thereto.

55.    Issuance of injunctive relief is justified by Defendants' conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

56.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an Order requiring Defendants to account for and disgorge any and all profits and other ill-gotten gains Defendants derived from their use of the ROT trademark and intellectual property and/or other marks that are confusingly similar thereto, and to an Order awarding all damages sustained by Plaintiff by reason of Defendants' conduct.

57.    Defendants' actions have been willful, malicious, and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

58.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover multiplied or enhanced damages.

59.    For the reasons set forth herein, this is an "exceptional case" under 15 U.S.C. § 1117, and therefore Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – LANHAM ACT
## 15 U.S.C. § 1125
## PLAINTIFF v. ALL DEFENDANTS

60.     Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

61.     As described above, Defendants' use of the term "Rush Order Tees" has caused and is likely to continue to cause confusion, mistake, and deception among the trade as to the source of Defendants' products and services, or as to a possible affiliation, connection or association between Plaintiff and Defendants in violation of the Lanham Act 15 U.S.C. § 1125.

62.     The ongoing acts of Defendants constitute a false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125.

63.     As a result of Defendants' wrongful conduct, Plaintiff has been irreparable harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

64.     Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from using the terms "Rush Order Tees" and/or any confusingly similar variation thereof.

65.     Issuance of injunctive relief is justified by Defendants' conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

66.     Pursuant to 15 U.S.C. § 1117 (a), Plaintiff is entitled to an Order requiring Defendants to account for and disgorge any and all profits and other ill-gotten gains Defendants derived from its use of term "Rush Order Tees" and/or any confusingly similar variation thereof, and to an Order awarding all damages sustained by Plaintiff by reason of Defendants' conduct.

67.     Defendants' actions have been willful, malicious and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

68.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover multiplied or enhanced

damages.

69.    For the reasons set forth herein, this is an "exceptional case" under 15 U.S.C. §
1117, and therefore Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT III
## FALSE AND DECEPTIVE ADVERTISING – LANHAM ACT 15 U.S.C. § 1125
## PLAINTIFF v. ALL DEFENDANTS

70.    Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at
length herein.

71.    As described above, Defendants engaged in various acts of false advertising and
deceptive trade practices, including, without limitation, making the Deceptive Statements in
interstate commerce via their online advertising.

72.    Upon information and belief, Defendants engaged in substantial other acts of false
advertising, but the same did not appear in search engine results for "Rush Order Tees".

73.    To establish a claim for false advertising under Lanham Act plaintiff must establish
five elements:

> 1) that the defendant has made false or misleading statements as to his own
> product [or another's]; 2) that there is actual deception or at least a tendency to
> deceive a substantial portion of the intended audience; 3) that the deception is
> material in that it is likely to influence purchasing decisions; 4) that the
> advertised goods traveled in interstate commerce; and 5) that there is a
> likelihood of injury to the plaintiff in terms of declining sales, loss of good will,
> etc.

*Groupe SEB United States, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014).

74.    The first element is met—the Defendants' Deceptive Statements are false and/or
misleading because, upon information and belief, the Defendants do not "ship from Philadelphia",
there is no evidence of Defendants' shipments being "the fastest", there is no evidence that the
quality of their products is "the highest", and there is no evidence of their prices being

"unbeatable". Importantly, all of these Deceptive Statements are measurable by comparison, are specific and can be challenged.

75.     Importantly, such statements are not to be construed as "puffery" because the origin of shipments, the speed of shipments, the quality of products, and Defendant's prices relative to its competitors are all quantifiable and capable of being measured. *See e.g., Painaway Austl. Pty Ltd. ACN 151 146 977 v. MaxRelief USA, Inc.*, No. 18-3854, 2022 U.S. Dist. LEXIS 63767, at *9 (E.D. Pa. Mar. 30, 2022) (*citing United States ex rel. Knisely v. Cintas Corp.*, 298 F.R.D. 229, 243).

76.     The second element is met—there is a tendency to deceive the intended audience because Defendants used the ROT trademark in their advertising which creates confusion about the source of the products, the qualities associated with such products, and creates the illusion that clicking Defendants are in some way associated with Plaintiff.

77.     Further, even if a customer is not deceived by the origin of the products, the Deceptive Statements falsely indicate that a customer purchasing from Defendants would receive their shipment faster, the products would be of higher quality, and they would pay lower price for such services and products.

78.     The third element is met—the Deceptive Statements regarding speed of shipping, cost, and quality are all material to a consumer's purchasing decision and are likely to influence purchasing decisions as these types of qualities that influence customer decisions and spending on the types of products sold by both Plaintiff and the Defendants.

79.     Similarly, Defendants' representation about products shipping from Philadelphia is material to a consumer's purchasing decision as a customer searching from the Philadelphia area is likely to be influenced by Defendants' representation that the products ship from Philadelphia

as the same would imply faster delivery.

80.     Accordingly, the Deceptive Statements are material to the intended audience and likely to influence customer purchasing decisions by misleading them to believe that Defendants' goods are higher in quality, priced better, and ship faster than Plaintiff's—which Plaintiffs maintain is inaccurate and deceptive.

81.     The fourth element is met—Defendants ship nationwide and thus engage in interstate commerce. *See* Ex. A.

82.     The fifth element is met—Defendants' unlawful and deceptive conduct has caused harm and continues to cause harm to Plaintiff as detailed herein.

83.     Defendants have made the Deceptive Statements intentionally and for the express purpose of diverting business from Plaintiff to itself.

84.     The ongoing acts of Defendants constitute false and deceptive advertising in violation of the Lanham Act, 15 U.S.C. § 1125.

85.     As a result of Defendants' wrongful conduct, Printfly has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

86.     Printfly will continue to suffer irreparable harm unless Defendants are restrained from misrepresenting the nature, characteristics, and qualities of its goods and services in commercial advertising and promotional materials.

87.     Issuance of injunctive relief is justified by Defendants' conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

88.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an Order requiring Defendants to account for and disgorge any and all profits and other ill-gotten gains Defendants derived from their use of the ROT trademark and intellectual property and/or other marks that are confusingly

similar thereto, and to an Order awarding all damages sustained by Plaintiff by reason of Defendants' conduct.

89.    Defendants' actions have been willful, malicious, and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

90.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover multiplied or enhanced damages.

91.    For the reasons set forth herein, this is an "exceptional case" under 15 U.S.C. § 1117, and therefore Plaintiff is entitled to an award of attorneys' fees and costs.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**
**PLAINTIFF v. ALL DEFENDANTS**

92.    Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

93.    The aforesaid conduct of Defendants constitutes trademark infringement under the common law of Pennsylvania.

94.    Unless Defendant is enjoined, Defendant will continue to promote its products and services by unlawfully using the ROT trademark and/or other terms that are confusingly similar thereto in the United States and in this jurisdiction.

95.    Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from using the ROT trademark and intellectual property, and/or other marks that are confusingly similar thereto.

96.    Issuance of injunctive relief is justified by Defendants' conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)    that Defendants be found to have willfully infringed Plaintiff's rights in and to the ROT trademark under 15 U.S.C. § 1114;

(b)    that Defendants be found to have willfully engaged in false designation of origin and unfair competition with respect to its use of the term "Rush Order Tees" under 15 U.S.C. § 1125;

(c)    that Defendants be found to have willfully engaged in false and misleading advertising under 15 U.S.C. § 1125;

(d)    that Defendant be found to have willfully infringed Plaintiff's rights in and to the ROT trademark under the common law of Pennsylvania;

(e)    that Defendants and all of those acting in concert with them, including its agents and servants, and all those on notice of this suit, be enjoined from: (i) marketing, promoting, distributing, selling or offering to sell any services or products under the ROT trademark, and/or other marks that are confusingly similar thereto, (ii) engaging in any activity constituting false advertising, and (iii) engaging in any activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or trade;

(f)    that Defendants be required to take such other measures as the Court may deem appropriate to correct any confusion caused in the marketplace and to prevent the public and/or trade from deriving the erroneous impression that the services and/or products offered by Defendants are affiliated with, sponsored by, authorized by, related to or associated in any way with Plaintiff;

(g)    that Defendants be directed to account for and disgorge to Plaintiff all profits realized by Defendants as a result of their infringement, false designation of origin and unfair

competition, and false advertising pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes in an amount in excess of Seventy Five Thousand Dollars ($75,000.00);

(h)   that Defendants be directed to pay Plaintiff for its damages arising from Defendants' conduct as detailed herein in an amount in excess of Seventy-Five Thousand Dollars ($75,000);

(i)   that Plaintiff be awarded treble damages and three times the amount of Defendants' illicit profits pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes;

(j)   that Defendants pay Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in connection with this action pursuant to 15 U.S.C. § 1117 and 17 U.S C § 505;

(k)   that Plaintiff be awarded prejudgment and post judgment interest on any monetary award made part of the judgment against Defendants; and

(l)   that Plaintiff be awarded such additional and further relief as the Court deems equitable, just, and proper.

Respectfully submitted,

Dated: March 7, 2025

By: _____
Anton Kaminsky, Esquire
KAMINSKY LAW, LLC
PA Atty. ID No. 322660
207 Buck Road, Suite 2
Southampton, PA 18966
Tel. (215) 876-0800
kaminsky.esq@gmail.com
*Attorney for Plaintiff*

# EXHIBIT "A"

 Gmail

PRIVATE / CONFIDENTIAL

## Order #882872254 Confirmation
1 message

**Jiffy.com - No Reply** <no-reply@jiffy.com>                                   Tue, Nov 5, 2024 at 12:45 PM
To: PRIVATE / CONFIDENTIAL



# Order Confirmation
#882872254

**We're on it.**

Hi ,

Thank you for choosing us to bring your unique design to life! We're excited to start crafting your custom apparel and are working quickly to ensure everything is perfect. You'll receive a notification as soon as your order is on its way.

What makes us different? We pride ourselves on delivering lightning-fast shipping, premium-quality prints with no limits on creativity, and exceptional value. Explore more of our exclusive blanks apparel collection and start designing your next masterpiece by visiting our store.

We can't wait for you to experience our top-tier service!

Track Order

## Order summary

  Unisex Heather CVC T-Shirt

Color: Heather Athletic
Size / Quantity: L / 1                                                    **$21.95**

  Unisex Heather CVC T-Shirt

Color: Heather Dark Gray
Size / Quantity: L / 1                                                    **$21.95**

Subtotal                                                    **$43.90**



| | |
|---|---|
| Shipping | **$0.00** |
| Promotion Total | **$0.00** |
| Tax | **$0.00** |
| Total | **$43.90** |

**Customer information**

**Shipping Address:**

PRIVATE / CONFIDENTIAL

Philadelphia, Pennsylvania 19107

**Billing Address:**

PRIVATE / CONFIDENTIAL

Collegeville, Pennsylvania  19426

---

## Important Notice

When your order is delivered, please inspect it.
Claims for missing, wrong, or damaged items must be made within
30 days of final delivery (by Sunday, Dec 8).



Refunds & Exchanges
Read More



Have a Question?
Contact Us

Copyright 2004-2024 Jiffy.com



ATTY CLIENT PRIVELEGE

# ATTY CLIENT PRIVELEGE

PRIVATE / CONFIDENTIAL

PRIVATE/CONFIDENTIAL          PRIVATE / CONFIDENTIAL

---------- Forwarded message ---------
From: **Jiffy.com - No Reply** <no-reply@jiffy.com>
Date: Fri, Nov 8, 2024 at 3:03 PM
Subject: Order #882863235 Confirmation
PRIVATE / CONFIDENTIAL



## Order Confirmation
Order #882863235



NOW AVAILABLE
### UV DTF Transfers
Make any hard surface your canvas



Upload artwork

### Help & Support 24/7

 **Chat with Us**

 **Contact Us**

PRIVATE / CONFIDENTIAL

Thank you for shopping with Jiffy.com! Here is your order summary:

**Shipping Address:**          **Billing Address:**
PRIVATE / CONFIDENTIAL

PRIVATE / CONFIDENTIAL

PHILADELPHIA , PA  19125        PHILADELPHIA , PA  19125

**Your Order**

**Order #: 882863235**
**Order Date:** Friday, Nov 8
**Payment:** Visa XXXX-XXXX-XXXX-7012
**Expected Delivery:** Tuesday, Nov 12

**Product Total:** $47.50
**Shipping:** $19.90
**Shipping Discount:** -$19.90
**Applicable Sales Tax:** $2.85
**Total: $50.35**

**Earliest Expected**
**Tuesday, Nov 12**

### UV DTF Stickers by Size

KAMINSKY LAW

*jiffy* **TRANSFERS**
UVDTF01

| | Transfer 5.0" x 1.0" | Precut - Yes $0.30 each | |
|---|---|---|---|
| | **$0.95** | **50** | **$47.50** |

When your order is delivered, please inspect it.
Claims for missing, wrong, or damaged items must be made within
3 days of final delivery (by Friday, Nov 15).
Returnable items allowed within 100 days (by Sunday, Feb 16).



 G640

**6,000+ Product Reviews** ⭐⭐⭐⭐

"STYLISH YET VERY INEXPENSIVE PRICING BUT DOES NOT REFLECT THE QUALITY WHICH IS TOP–NOTCH, CANT BEAT IT!" – DAVID

**SHOP GILDAN**

**DTF Transfers**
**Instructions & FAQs**

 Return, Refunds & Exchanges
Read More

 Have a Question?
Contact Us

Copyright 2004-2024 Jiffy.com

 **PRIVATE / CONFIDENTIAL**

## Order #882876693 Confirmation
1 message

**Jiffy.com - No Reply** <no-reply@jiffy.com>      Mon, Nov 11, 2024 at 6:04 PM
To: 



# Order Confirmation
#882876693

**We're on it.**

Hi ▮,

Thank you for choosing us to bring your unique design to life! We're excited to start crafting your custom apparel and are working quickly to ensure everything is perfect. You'll receive a notification as soon as your order is on its way.

What makes us different? We pride ourselves on delivering lightning-fast shipping, premium-quality prints with no limits on creativity, and exceptional value. Explore more of our exclusive blanks apparel collection and start designing your next masterpiece by visiting our store.

We can't wait for you to experience our top-tier service!

Track Order

## Order summary

 Unisex Heavy Blend™ 50/50 Hoodie

Color: Sport Gray
Size / Quantity: M / 2, L / 2        **$54.56**

| | |
|---|---|
| Subtotal | **$54.56** |
| Shipping | **$0.00** |
| Promotion Total | **$0.00** |
| Tax | **$0.00** |

Order #852825533 Confirmation

Total                                          **$54.56**

**Customer information**

**Shipping Address:**
PRIVATE / CONFIDENTIAL

Philadelphia, Pennsylvania
 19107

**Billing Address:**
PRIVATE / CONFIDENTIAL

Collegeville, Pennsylvania  19426

---

## Important Notice

When your order is delivered, please inspect it.
Claims for missing, wrong, or damaged items must be made within
30 days of final delivery (by Sunday, Dec 15).



Refunds & Exchanges
Read More

Have a Question?
Contact Us

Copyright 2004-2024 Jiffy.com

# EXHIBIT "B"

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

TSDR is currently experiencing technical difficulties and you may be unable to retrieve case status information. The USPTO is currently working on resolving the issue.

STATUS    DOCUMENTS    MAINTENANCE        <u>Back to Search</u>    Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2024-11-24 13:32:39 EST |
| **Mark:** | RUSH ORDER TEES |

# Rush Order Tees

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87698543 | **Application Filing Date:** | Nov. 27, 2017 |
| **US Registration Number:** | 5589059 | **Registration Date:** | Oct. 23, 2018 |
| **Filed as TEAS RF:** | Yes | **Currently TEAS RF:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

| | |
|---|---|
| **TM5 Common Status Descriptor:** |  LIVE/REGISTRATION/Issued and Active<br><br>The trademark application has been registered with the Office. |
| **Status:** | A Sections 8 and 15 combined declaration has been accepted and acknowledged. |
| **Status Date:** | Jul. 24, 2024 |
| **Publication Date:** | Aug. 07, 2018 |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | RUSH ORDER TEES |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "RUSH ORDER" |
| **Acquired Distinctiveness Claim:** | In whole |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Embroidery services; Imprinting messages on wearing apparel, accessories and mugs; Imprinting of decorative designs on apparel; Screen printing | | |
| **International Class(es):** | 040 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | Sep. 01, 2002 | **Use in Commerce:** | Sep. 01, 2002 |

## Basis Information (Case Level)

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Printly Corporation |

**Owner Address:** 2727 Commerce Way
Philadelphia, PENNSYLVANIA UNITED STATES 19154

**Legal Entity Type:** CORPORATION     **State or Country Where Organized:** PENNSYLVANIA

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

# EXHIBIT "C"




Pre-Transit


In Transit


Out for
Delivery


**Delivered**

Estimated Delivery Date
# Friday, Nov 8

1ZG8F2970318835402

Last Updated: **November 8, 06:09PM**

## November 8, 2024

| | | |
|---|---|---|
| 1:03pm | **Delivered: Residential** | PHILADELPHIA, PA |
| 10:00am | **Out For Delivery Today** | Philadelphia, PA |
| 6:01am | **Loaded on Delivery Vehicle** | Philadelphia, PA |
| 5:28am | **Processing at UPS Facility** | Philadelphia, PA |
| 5:15am | **Arrived at Facility** | Philadelphia, PA |
| 3:44am | **Departed from Facility** | Easton, PA |
| 1:17am | **Arrived at Facility** | Easton, PA |

## November 7, 2024

9:28pm    Departed from Facility
          Farmingville, NY

6:23pm    Arrived at Facility
          Farmingville, NY

## November 5, 2024

1:56pm    Shipper created a label, UPS has not received the package yet.






Pre-Transit


In Transit


Out for
Delivery


**Delivered**

Estimated Delivery Date
# Friday, Nov 15

1ZG8F2970304731817

Last Updated: **November 15, 06:11PM**

## November 15, 2024

| 1:04pm | Delivered: Residential |
| | PHILADELPHIA, PA |

| 9:20am | Out For Delivery Today |
| | Philadelphia, PA |

| 6:38am | Loaded on Delivery Vehicle |
| | Philadelphia, PA |

| 5:36am | Processing at UPS Facility |
| | Philadelphia, PA |

| 5:17am | Arrived at Facility |
| | Philadelphia, PA |

| 3:36am | Departed from Facility |
| | Easton, PA |

| 1:12am | Arrived at Facility |
| | Easton, PA |

## November 14, 2024

9:29pm    Departed from Facility
Farmingville, NY

6:25pm    Arrived at Facility
Farmingville, NY

4:49pm    Pickup Scan
Farmingville, NY

## November 11, 2024

7:34pm    Shipper created a label, UPS has not received the package yet.

powered by  easypost
Copyright ©2025




Pre-Transit


In Transit


Out for
Delivery


**Delivered**

Estimated Delivery Date

# Tuesday, Nov 12

1ZG8F2970309015618

Last Updated: **November 12, 04:14PM**

## November 12, 2024

| | | |
|---|---|---|
| 10:59am | **Delivered: Front Door** PHILADELPHIA, PA | |
| 9:27am | **Out For Delivery Today** Philadelphia, PA | |
| 6:58am | **Processing at UPS Facility** Philadelphia, PA | |
| 6:10am | **Arrived at Facility** Philadelphia, PA | |
| 4:09am | **Departed from Facility** Parsippany, NJ | |
| 12:55am | **Arrived at Facility** Parsippany, NJ | |

## November 11, 2024

10:34pm   **Departed from Facility**
          Farmingville, NY

9:11pm    **Arrived at Facility**
          Farmingville, NY

## November 8, 2024

3:04pm    Shipper created a label, UPS has not received the package yet.

powered by 

Copyright ©2025